**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **OCTAVIA MOTLEY,** *et al.*, | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **No.: 2:24-CV-05763** |
| | : | |
| **JASON P. ECKMAN,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

**PLAINTIFF OCTAVIA MOTLEY'S UNOPPOSED MOTION PURSUANT TO LOCAL RULE 41.2 TO APPROVE SETTLEMENT AND DISTRIBUTION OF PROCEEDS**

Plaintiff Octavia Motley, individually and as Administratrix of the Estate of T.M., a minor, deceased, by and through her undersigned counsel, Kline & Specter PC, respectfully requests that this Honorable Court approve the global settlement and distribution of the above-captioned action for the sum of $4,250,000.00 and an allocation to Plaintiff Octavia Motley of $1,400,000.00 (32.9%). In support thereof, Plaintiff avers as follows:

1.      This action arises from a deadly motor vehicle crash, following a pursuit by the Defendant Pennsylvania State Police Troopers on April 24, 2024. T.M., a minor, deceased, was a passenger in the car being pursued by the defendants and died in the crash.

2.      Plaintiff Octavia Motley is the mother of T.M. and is the duly appointed Administratrix of the Estate of T.M., a minor, deceased. Letters of Administration were granted to Plaintiff on July 10, 2024, by the Register of Wills in the County of Philadelphia in the Commonwealth of Pennsylvania. *See* Letter of Administration attached hereto as Exhibit "A."

3.      Plaintiff is one of four co-plaintiffs in this action, all of whom are represented by the undersigned counsel.

4.      T.M., a minor, deceased, was born on January 7, 2007, and died on April 24, 2024, at 17 years of age.

5.    At the time of the incident, T.M. was six months pregnant. Her unborn child did not survive the crash. She had no other children.

6.    T.M.'s father died when T.M. was a young child.

7.    T.M. was unmarried at the time of her death.

8.    T.M. died intestate.

9.    T.M.'s, sole beneficiary under the Wrongful Death Act, 42 Pa. C.S.A. §8301 is, therefore, her mother, Plaintiff Octavia Motley. *See* 20 Pa. C.S.A. §2103.

10.    A global settlement was reached between the parties for a gross settlement of $4,250,000.00 (Four Million Two Hundred Fifty Thousand dollars) on June 24, 2026.

11.    Plaintiff's counsel is of the professional opinion that the proposed settlement is fair and reasonable, in light of the facts of this case and the applicable law and rulings of the Court.

12.    The parties have agreed to a general release in the form attached hereto as Exhibit "B" for the global resolution of the claim.

13.    With approval of all four plaintiffs in this action, Plaintiffs' counsel retained a neutral arbitrator, William Calandra, Esquire, to determine the apportionment of the settlement between the four co-plaintiffs.

14.    After reviewing the case materials, Mr. Calandra determined that the share of the settlement apportioned to Plaintiff Octavia Motley, individually and as Administratrix of the Estate of T.M., a minor, deceased, should be $1,400,000.00.

15.    Plaintiff's counsel is of the professional opinion that this allocation of the settlement proceeds is fair and reasonable, in light of the facts of this case and the applicable law and rulings of the Court.

16.     There is a lien asserted by the Pennsylvania Department of Human Services ("DHS"). Plaintiff's counsel has advised DHS of the existence of this case and has received written confirmation that the reduced lien is $907.73. *See*, Letter from PA DHS dated July 29, 2026, attached hereto as Exhibit "C."

17.     T.M., a minor, was not a Medicare beneficiary.

18.     A copy of this Motion was forwarded to Carolyn Dymond, Trust Valuation Specialist, Pennsylvania Department of Revenue, Bureau of Individual Taxes Inheritance Division, P.O. Box 280601, Harrisburg, Pennsylvania 17128, via e-mail requesting approval of the allocation recited herein between the wrongful death and survival actions. *See*, Letter from Pennsylvania Department of Revenue's allocation of funds, dated July 30, 2026, attached hereto as Exhibit "D."

19.     Because T.M. was under 21 years old and the sole beneficiary of her estate is her mother, Plaintiff Octavia Motley, there are no inheritance tax consequences as a result of the allocation between wrongful death and survival action in this case. See 72 P.S. § 9116(a)(1.2) ("Inheritance tax upon the transfer of property from a child twenty-one years of age or younger to or for the use of a natural parent, an adoptive parent or a stepparent of the child shall be at the rate of zero per cent.").

20.     The costs of litigation attributable to Plaintiff Octavia Motley paid in advance by Plaintiff's counsel, are $22,269.22. An itemized breakdown of the client-specific legal costs is attached hereto as Exhibit "E."

21.     The itemized photocopying, express delivery services, travel, and courier expenses were specific expenses of the litigation. Expert costs were substantially incurred to provide expert reviewers and witnesses with the materials necessary to formulate their opinions and provide their reviews in a timely manner. This settlement was reached after the expert deadline had passed and reports were served. The specific costs identified are not attributable to this law firm's general overhead expenses. The expenditure of these costs played an integral role in securing the settlement result achieved in this action.

22.     Litigation costs incurred related issues shared between the four plaintiffs, including all issues related to liability and filing fees, are split equally among the four plaintiffs.

23.     Accordingly, Plaintiff's counsel requests reimbursement of these litigation costs and expenses in the amount of $22,269.22.

24.     The fee agreement entered into by and between Plaintiffs and Kline & Specter, P.C. provides that counsel is to receive forty percent (40%) of the gross recovery plus reimbursement of costs.

25.     Accordingly, Plaintiff's counsel respectfully requests an attorneys' fee in the amount of $560,000.00, which represents 40% of the $1,400,000.00 allocation of the total settlement apportioned to Plaintiff Octavia Motley.

26.     The net proceeds of the settlement apportioned to Plaintiff, after deduction of attorneys' fees, and costs is $816,823.05.

27.     Plaintiff requests distribution of the net proceeds of the settlement, after deduction of costs and attorney fees be allocated 100% to Plaintiff's wrongful death claim.

28.     The proposed apportionment of the settlement proceeds is appropriate under the facts of this case. While Pennsylvania law does not explicitly address settlement allocation

formulas, "Pennsylvania law clearly delineates the requirements to satisfy a wrongful death and survival action award." *Smith v. Sandals Resort Int'l, Ltd.*, 709 F. Supp. 2d 350, 358 (E.D. Pa. 2010). Further, Pennsylvania prioritizes wrongful death claims over survival claims in order to put the needs of the decedent's dependents over the estate beneficiaries. *See, e.g., Krause v. B & O Railroad*, Pa. D & C.3d 458, 471 (C.P. 1983).

29.    The Wrongful Death Act compensates certain relatives of the Decedent for their losses as a result of the Decedent's death. *See* 42 Pa. Cons. Stat. §8301. Under Pennsylvania law, wrongful death beneficiaries are entitled to be compensated for monetary contributions the decedent would have made to them during his lifetime, including any money for food, clothing, shelter, transportation, medical expenses, gifts, insurance, education, entertainment, and recreation. Pa. Civ. Jury Ins. No. 7.180, Wrongful Death and Survival Action (5th ed. 2020). Also, significantly, Pennsylvania Courts have recognized the wrongful death act beneficiaries are entitled to the emotional and psychological loss suffered as a result of the death. *Rettger v. UPMC Shadyside*, 991 A.2d 915 (Pa. Super. 2010). Finally, wrongful death damages also include funeral, burial, and estate administration expenses.

30.    The Wrongful Death claims in this case are very significant and warrant allocation of the settlement proceeds. Octavia Motley, is the closest living relative of T.M. Ms. Motley's close relationship with her late daughter, T.M., was undisputed in the record. As a result of T.M.'s death, Plaintiff has been deprived of the support of her daughter and has experienced a profound emotional and psychological loss.

31.    Unlike the Wrongful Death Act, which provides compensation to the decedent's statutory beneficiaries, the Survival Action provide only damages that could have been recovered by the decedent. *See* 42 Pa. Cons. Stat. §8302. Damages under the Survival Act are limited to

decedent's conscious pain and suffering and the probable earning during his life expectancy minus the probable cost of maintaining himself and deduction of the support provided to wrongful death beneficiaries. *Smith*, 709 F. Supp. 2d at 358; Pa. Civ. Jury Ins. No. 7.180.

32.    Defense counsel has no opposition to this Motion.

33.    The attached Verification signed by Plaintiff Octavia Motley specifically approves of this settlement and the allocation of proceeds as set forth in this Motion.

34.    In summary, for the reasons set forth above, Plaintiff respectfully requests that the proposed settlement proceeds of $1,400,000.00 be approved, allocated and distributed as follows:

| | |
|---|---|
| **GROSS SETTLEMENT AMOUNT** | **$4,250,000.00** |
| Allocation to Plaintiff Octavia Motley | $1,400,000.00 |
| To: Kline & Specter, P.C. (Attorney's fee – 40%) | $560,000.00 |
| To: Kline & Specter, P.C. (Reimbursement of litigation costs) | $22,269.22 |
| To Pa. Department of Human Services (Lien) | $907.73 |
| NET DISTRIBUTION | $816,823.05 |
| **Wrongful Death Act Proceeds (100%) To:  Octavia Motley** | **$816,823.05** |

**WHEREFORE**, for all of the foregoing reasons, Plaintiff respectfully request that the Court enter the attached Order approving the settlement and distribution of proceeds of the above-captioned case in the manner set forth herein.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

By: _David K. Inscho_

Date: July 30, 2026

DAVID K. INSCHO, ESQUIRE
WYATT J. LARKIN, ESQUIRE
1525 Locust Street
Philadelphia, PA 19102
215-772-1000
***Attorneys for Plaintiff***

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **OCTAVIA MOTLEY,** *et al.,* | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **No.: 2:24-CV-05763** |
| | : | |
| **JASON P. ECKMAN,** *et al.,* | : | |
| | : | |
| **Defendants.** | : | |

**ORDER**

**AND NOW**, this _____ day of _____, 2026 Pursuant to Local Rule 41.2 and upon consideration of the Motion to Approve Settlement and Distribution of Proceeds, and any responses thereto, it is hereby **ORDERED** and **DECREED t**hat the Motion to Approve Settlement and Distribution of Proceeds is hereby **GRANTED**.

**IT IS FURTHER ORDERED** and **DECREED** that the portion of the gross settlement proceeds of $4,250,000.00 attributable to Plaintiff Octavia Motley, individually and as Administratrix of T.M., a minor, deceased, be distributed as follows:

| | |
|---|---|
| **GROSS SETTLEMENT AMOUNT** | **$4,250,000.00** |
| Allocation to Plaintiff Octavia Motley | $1,400,000.00 |
| To: Kline & Specter, P.C. (Attorney's fee – 40%) | $560,000.00 |
| To: Kline & Specter, P.C. (Reimbursement of litigation costs) | $22,269.22 |
| To: PA Department of Human Services (Lien) | $907.73 |
| NET DISTRIBUTION | $816,823.05 |

**Wrongful Death Act Proceeds (100%)**
    **To:  Octavia Motley**                                    **$816,823.05**


                                    **BY THE COURT**:


                        _____

                                    WOLSON, J.

### VERIFICATION OF PLAINTIFF IN SUPPORT OF MOTION PURSUANT TO LOCAL RULE 41.2 TO APPROVE SETTLEMENT AND DISTRIBUTION OF PROCEEDS

1.    I am Octavia Motley, Administratrix of the Estate of T.M., a minor, deceased.

2.    I am the Plaintiff in the above-captioned action and hereby verify that the statements made in the foregoing Motion are true and correct to the best of my knowledge, information and belief.

3.    I am represented by David K. Inscho, Esquire, and Wyatt J. Larkin, Esquire, of the law firm of Kline & Specter, P.C.

4.    I am completely and totally satisfied with my legal representation in this litigation, and I understand this Motion is for approval of the settlement against all Defendants.

5.    I approve of the global settlement of this action in the amount of $4,250,000.00 and the distribution of proceeds, without reservation.

6.    I approve of the allocation of the settlement proceedings of $1,400,000.00 to my claims.

7.    I understand the statements made in the Motion are subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsification to authorities.

Dated: 7/28/26

OCTAVIA MOTLEY

## <u>VERIFICATION OF NO CONTEST and NO OBJECTION</u>

The undersigned counsel for the Plaintiff does hereby verify that he has personally ascertained that the Plaintiff Octavia Motley's Unopposed Motion Pursuant to Local Rule 41.2 to Approve Settlement and Distribution of Proceeds filed in the above matter, together with the relief specifically requested in the proposed Order, are not contested by any party in interest, and there are <u>no unrepresented</u> parties.

I further represent that I have advised counsel for all interested parties of the filing of this Motion and Verification with the Court, advising there are no objections.

I further represent that I have emailed copies of this Motion to counsel for the parties in interest named in the Motion.

The undersigned hereby verifies that the statements set forth in this Verification are true and any false statements herein are made subject to the penalties of 18 Pa. C.S. §4904.

**KLINE & SPECTER, P.C.**

By:    _David K. Inscho_

DAVID K. INSCHO
*Attorney for Plaintiff*

Date: July 30, 2026

## **CERTIFICATE OF SERVICE**

I, David K. Inscho, Esquire, counsel for Plaintiffs herein, hereby certify that a true and correct copy of the above motion has been filed electronically on this date and is available for viewing and downloading from the Court's Electronic Filing System by all counsel of record.

**KLINE & SPECTER, P.C.**

Date: July 30, 2026

By: _David K. Inscho_
DAVID K. INSCHO, ESQUIRE
*Attorney for Plaintiff*