**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **OCTAVIA MOTLEY, *et al.*,** | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **No.: 2:24-CV-05763** |
| | : | |
| **JASON P. ECKMAN, *et al.*,** | : | |
| | : | |
| **Defendants.** | : | |

**PLAINTIFF ERICA BILLUPS' UNOPPOSED MOTION PURSUANT TO LOCAL RULE 41.2 TO APPROVE SETTLEMENT AND DISTRIBUTION OF PROCEEDS**

Plaintiff Erica Billups, individually and as Administratrix of the Estate of Ka-Lyn S. Billups, deceased, by and through her undersigned counsel, Kline & Specter PC, respectfully requests that this Honorable Court approve the global settlement and distribution of the above-captioned action for the sum of $4,250,000.00 and an allocation to Plaintiff Erica Billups of $1,300,000.00. In support thereof, Plaintiff avers as follows:

1. This action arises from a deadly motor vehicle crash, following a pursuit by the Defendant Pennsylvania State Police Troopers on April 24, 2024. Ka-Lyn S. Billups, deceased, was a passenger in the car being pursued by the defendants and died in the crash.

2. Plaintiff Erica Billups is the mother of Ka-Lyn S. Billups and is the duly appointed Administratrix of the Estate of Ka-Lyn S. Billups, deceased. Letters of Administration were granted to Plaintiff on May 15, 2024, by the Register of Wills in the County of Philadelphia in the Commonwealth of Pennsylvania. *See* Letter of Administration attached hereto as Exhibit "A."

3. Plaintiff is one of four co-plaintiffs in this action, all of whom are represented by the undersigned counsel.

4. Ka-Lyn S. Billups, deceased, was born on February 24, 2003, and died on April 24, 2024, at 21 years of age.

5. Ka-Lyn S. Billups was unmarried at the time of her death.

6. Ka-Lyn S. Billups had no children.

7. Ka-Lyn S. Billups died intestate.

8. Ka-Lyn S. Billups' beneficiaries under the Wrongful Death Act, 42 Pa. C.S.A. §8301 are, therefore, her mother, Plaintiff Erica Billups and her father Monte Gibson. *See* 20 Pa. C.S.A. §2103.

9. A global settlement was reached between the parties for a gross settlement of $4,250,000.00 (Four Million Two Hundred Fifty Thousand dollars) on June 24, 2026.

10. Plaintiff's counsel is of the professional opinion that the proposed settlement is fair and reasonable, in light of the facts of this case and the applicable law and rulings of the Court.

11. The parties have agreed to a general release in the form attached hereto as Exhibit "B" for the global resolution of the claim.

12. With approval of all four plaintiffs in this action, Plaintiffs' counsel retained a neutral arbitrator, William Calandra, Esq., to determine the apportionment of the settlement between the four co-plaintiffs.

13. After reviewing the case materials, Mr. Calandra determined that the share of the settlement apportioned to Plaintiff Erica Billups, individually and as Administratrix of the Estate of Ka-Lyn S. Billups, deceased, should be $1,300,000.00.

14. Plaintiff's counsel is of the professional opinion that this allocation of the settlement proceeds is fair and reasonable, in light of the facts of this case and the applicable law and rulings of the Court.

15. The Pennsylvania Department of Human Services ("DHS") has not asserted any liens with regard to the Estate of Ka-Lyn S. Billups. Plaintiff's counsel has advised DHS of the

existence of this case and has received a no lien letter. *See*, Letter from DHS dated August 31, 2026, attached hereto as Exhibit "C."

16. Ka-Lyn S. Billups was not a Medicare beneficiary.

17. A copy of this Motion was forwarded to Carolyn Dymond, Trust Valuation Specialist, Pennsylvania Department of Revenue, Bureau of Individual Taxes Inheritance Division, P.O. Box 280601, Harrisburg, Pennsylvania 17128, via e-mail requesting approval of the allocation recited herein between the wrongful death and survival actions. *See*, Letter from Pennsylvania Department of Revenue's allocation of funds dated August 4, 2026, attached hereto as Exhibit "D."

18. Because Ka-Lyn S. Billups was 21 years old and the beneficiaries of her estate are her mother, Plaintiff Erica Billups, and Father, Monte Gibson, there are no inheritance tax consequences as a result of the allocation between wrongful death and survival action in this case. See 72 P.S. § 9116(a)(1.2) ("Inheritance tax upon the transfer of property from a child twenty-one years of age or younger to or for the use of a natural parent, an adoptive parent or a stepparent of the child shall be at the rate of zero per cent.").

19. The costs of litigation attributable to Plaintiff Erica Billups paid in advance by Plaintiff's counsel are $20,773.91. An itemized breakdown of the client-specific legal costs is attached hereto as Exhibit "E."

20. The itemized photocopying, express delivery services, travel, and courier expenses were specific expenses of the litigation. Expert costs were substantially incurred to provide expert reviewers and witnesses with the materials necessary to formulate their opinions and provide their reviews in a timely manner. This settlement was reached after the expert deadline had passed and reports were served. The specific costs identified are not attributable to this law firm's general

overhead expenses. The expenditure of these costs played an integral role in securing the settlement result achieved in this action.

21. Plaintiffs' counsel is of the opinion that the global litigation costs are equally attributable to each of the four plaintiffs, and thus that the global litigation costs should be split equally.

22. Accordingly, Plaintiff's counsel requests reimbursement of these litigation costs and expenses in the amount of $20,773.91.

23. The fee agreement entered into by and between Plaintiffs and Kline & Specter, P.C. provides that counsel is to receive forty percent (40%) of the gross recovery plus reimbursement of costs.

24. Accordingly, Plaintiff's counsel respectfully requests an attorneys' fee in the amount of $520,000.00, which represents 40% of the $1,300,000.00 allocation of the total settlement apportioned to Plaintiff Erica Billups.

25. The net proceeds of the settlement apportioned to Plaintiff, after deduction of attorneys' fees, and costs is $759,226.09.

26. Plaintiff requests distribution of the net proceeds of the settlement, after deduction of costs and attorney fees be allocated 100% to Plaintiff's wrongful death claim.

27. The proposed apportionment of the settlement proceeds is appropriate under the facts of this case. While Pennsylvania law does not explicitly address settlement allocation formulas, "Pennsylvania law clearly delineates the requirements to satisfy a wrongful death and survival action award." *Smith v. Sandals Resort Int'l, Ltd.*, 709 F. Supp. 2d 350, 358 (E.D. Pa. 2010). Further, Pennsylvania prioritizes wrongful death claims over survival claims in order to put the needs of the decedent's dependents over the estate beneficiaries. *See, e.g., Krause v. B & O*

*Railroad*, Pa. D & C.3d 458, 471 (C.P. 1983).

28. The Wrongful Death Act compensates certain relatives of the Decedent for their losses as a result of the Decedent's death. *See* 42 Pa. Cons. Stat. §8301. Under Pennsylvania law, wrongful death beneficiaries are entitled to be compensated for monetary contributions the decedent would have made to them during his lifetime, including any money for food, clothing, shelter, transportation, medical expenses, gifts, insurance, education, entertainment, and recreation. Pa. Civ. Jury Ins. No. 7.180, Wrongful Death and Survival Action (5th ed. 2020). Also, significantly, Pennsylvania Courts have recognized the wrongful death act beneficiaries are entitled to the emotional and psychological loss suffered as a result of the death. *Rettger v. UPMC Shadyside*, 991 A.2d 915 (Pa. Super. 2010). Finally, wrongful death damages also include funeral, burial, and estate administration expenses.

29. The Wrongful Death claims in this case are very significant and warrant allocation of the settlement proceeds. Ms. Billups and Mr. Gibson are the closest living relatives of Ka-Lyn S. Billups. Her parents' close relationship with their late daughter was undisputed in the record. As a result of Ka-Lyn S. Billups death, Plaintiff and Mr. Gibson have been deprived of the support of their daughter and has experienced a profound emotional and psychological loss.

30. Unlike the Wrongful Death Act, which provides compensation to the decedent's statutory beneficiaries, the Survival Action provide only damages that could have been recovered by the decedent. *See* 42 Pa. Cons. Stat. §8302. Damages under the Survival Act are limited to decedent's conscious pain and suffering and the probable earning during his life expectancy minus the probable cost of maintaining himself and deduction of the support provided to wrongful death beneficiaries. *Smith*, 709 F. Supp. 2d at 358; Pa. Civ. Jury Ins. No. 7.180.

31. Defense counsel has no opposition to this Motion.

32. The attached Verification signed by Plaintiff Erica Billups specifically approves of this settlement and the allocation of proceeds as set forth in this Motion.

33. In summary, for the reasons set forth above, Plaintiff respectfully requests that the proposed settlement proceeds of $1,300,000.00 be approved, allocated and distributed as follows:

| | |
|---|---|
| **GROSS SETTLEMENT AMOUNT** | **$4,250,000.00** |
| **Allocation to Plaintiff Erica Billups** | **$1,300,000.00** |
| To: Kline & Specter, P.C. (Attorney's fee – 40%) | $520,000.00 |
| To: Kline & Specter, P.C. (Reimbursement of litigation costs) | $20,773.91 |
| NET DISTRIBUTION | $759,226.09 |
| **Wrongful Death Act Proceeds (100%)** | |
| To: Erica Billups | $379,613.05 |
| To: Monte Gibson | $379,613.04 |

**WHEREFORE**, for all of the foregoing reasons, Plaintiff respectfully request that the Court enter the attached Order approving the settlement and distribution of proceeds of the above-captioned case in the manner set forth herein.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

Date: August 31, 2026

By: *David K. Inscho*

DAVID K. INSCHO, ESQUIRE
WYATT J. LARKIN, ESQUIRE
1525 Locust Street
Philadelphia, PA 19102
215-772-1000
***Attorneys for Plaintiff***

**CERTIFICATE OF SERVICE**

I, David K. Inscho, Esquire, counsel for Plaintiffs herein, hereby certify that a true and correct copy of the above motion has been filed electronically on this date and is available for viewing and downloading from the Court's Electronic Filing System by all counsel of record.

**KLINE & SPECTER, P.C.**

Date: August 31, 2026

By: David K. Inscho
DAVID K. INSCHO, ESQ.
***Attorney for Plaintiff***

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **OCTAVIA MOTLEY, *et al.*,** | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **No.: 2:24-CV-05763** |
| | : | |
| **JASON P. ECKMAN, *et al.*,** | : | |
| | : | |
| **Defendants.** | : | |

**ORDER**

**AND NOW**, this ______ day of ______________, 2026 Pursuant to Local Rule 41.2 and upon consideration of the Motion to Approve Settlement and Distribution of Proceeds, and any responses thereto, it is hereby **ORDERED** and **DECREED t**hat the Motion to Approve Settlement and Distribution of Proceeds is hereby **GRANTED**.

**IT IS FURTHER ORDERED** and **DECREED** that the portion of the gross settlement proceeds of $4,250,000.00 attributable to Plaintiff Erica Billups, individually and as Administratrix of Ka-Lyn S. Billups, deceased, be distributed as follows:

| | |
|---|---|
| **GROSS SETTLEMENT AMOUNT** | **$4,250,000.00** |
| **Allocation to Plaintiff Erica Billups** | **$1,300,000.00** |
| To: Kline & Specter, P.C. (Attorney's fee – 40%) | $520,000.00 |
| To: Kline & Specter, P.C. (Reimbursement of litigation costs) | $20,773.91 |
| NET DISTRIBUTION | $759,226.09 |

**Wrongful Death Act Proceeds (100%)**

| | |
|---|---|
| To: Erica Billups | $379,613.05 |
| To: Monte Gibson | $379,613.04 |

**BY THE COURT**:

__________________________________

WOLSON, J.

**VERIFICATION OF PLAINTIFF IN SUPPORT OF MOTION PURSUANT TO LOCAL RULE 41.2 TO APPROVE SETTLEMENT AND DISTRIBUTION OF PROCEEDS**

1. I am Erica Billups, Administratrix of the Estate of Ka-Lyn S. Billups, deceased.

2. I am the Plaintiff in the above-captioned action and hereby verify that the statements made in the foregoing Motion are true and correct to the best of my knowledge, information and belief.

3. I am represented by David K. Inscho, Esquire, and Wyatt J. Larkin, Esquire, of the law firm of Kline & Specter, P.C.

4. I am completely and totally satisfied with my legal representation in this litigation, and I understand this Motion is for approval of the settlement against all Defendants.

5. I approve of the global settlement of this action in the amount of $4,250,000.00 and the distribution of proceeds, without reservation.

6. I approve of the allocation of the settlement proceedings of $1,300,000.00 (30.6%) to my claims.

7. I understand the statements made in the Motion are subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsification to authorities.

Dated: 7-28-26

ERICA BILLUPS, Administratrix of the
Estate of Ka-Lyn S. Billups, deceased

**VERIFICATION OF NO CONTEST and NO OBJECTION**

The undersigned counsel for the Plaintiff does hereby verify that he has personally ascertained that the Plaintiff Erica Billup's Unopposed Motion Pursuant to Local Rule 41.2 to Approve Settlement and Distribution of Proceeds filed in the above matter, together with the relief specifically requested in the proposed Order, are not contested by any party in interest, and there are no unrepresented parties.

I further represent that I have advised counsel for all interested parties of the filing of this Motion and Verification with the Court, advising there are no objections.

I further represent that I have emailed copies of this Motion to counsel for the parties in interest named in the Motion.

The undersigned hereby verifies that the statements set forth in this Verification are true and any false statements herein are made subject to the penalties of 18 Pa. C.S. §4904.

**KLINE & SPECTER, P.C.**

By: David K. Inscho
DAVID K. INSCHO
*Attorney for Plaintiff*

Date: August 31, 2026